UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED
2016 FEB 29 PM 12: 17
BY _____
DEPUTY CLERK

| | |
|---|---|
| PAUL BROUHA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 5:14-cv-00063 |
| VERMONT WIND, LLC, NORTHEAST WIND PARTNERS II, LLC, FIRST WIND HOLDINGS, LLC, SUNEDISON, INC., and TERRAFORM POWER, INC., | ) ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER RE:
## PLAINTIFF'S MOTION FOR RECONSIDERATION/CLARIFICATION
### (Doc. 80)

Plaintiff has moved for reconsideration of the court's earlier order (Doc. 79) granting Defendants' motion to stay (Doc. 66). For the reasons that follow, Plaintiff's Motion for Reconsideration/Clarification (Doc. 80) is DENIED.

Plaintiff has filed this tort action for damages and injunctive relief, alleging that Defendants' operation of a sixteen-turbine wind electric generation facility ("the Project") causes a private nuisance on his property. He now asks the court to clarify its order granting Defendants' motion to stay the instant action pending resolution of a noise complaint initiated by Plaintiff before the Vermont Public Service Board ("PSB"). Plaintiff agrees that the primary issue before the PSB is whether the Project complies with its Certificate of Public Good ("CPG"). But he argues that, based on statements made by the Hearing Officer and defense counsel at the Prehearing Conference before the PSB, the investigation will likely "investigate issues well beyond whether the Project is operating in compliance with the CPG" and therefore "well beyond the issues relating to Plaintiff's residence and his claim in the nuisance case." (Doc. 80 at 2-3.) Accordingly, Plaintiff asks the court to reconsider its order that this case be stayed "until the PSB resolves the plaintiff's noise complaint," (Doc. 79 at 5), and clarify that it can resume once the PSB issues a ruling concerning the Project's CPG compliance and

1

determines whether Defendants are required to conduct site-specific sound testing at Plaintiff's residence.

The court denies Plaintiff's request. The standard for granting a motion for reconsideration is strict, and "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Plaintiff's request for further specificity is unsupported by such concrete data. The PSB investigation seeks to determine whether the Project complies with the CPG, a technical issue bearing directly on elements of Plaintiff's nuisance claim. Plaintiff contends it would not be relevant to his complaint if the PSB decides, as part of its present investigation, to clarify the prospective nature of the Project's noise monitoring standards. He submits that his complaint is dependent only upon the Project's compliance with previously established protocols. However, the Vermont Department of Public Service ("DPS") has explained to the PSB that the Project's current monitoring protocols are insufficiently clear for evaluating CPG compliance. (Doc. 79 at 2-3.) Therefore, if the PSB determines that it must clarify the sound standards in order to assess CPG compliance, it is likely to do so *before* asking Defendants to conduct site-specific testing at Plaintiff's home. Plaintiff has conceded that the instant action should not resume until Defendants have conducted such testing (or CPG compliance has been otherwise determined). (Doc. 80 at 3.)

The court is mindful that the PSB's investigation may expand to consider Project-related issues that are truly unrelated to Plaintiff's noise complaint, but at the present time that is just a hypothetical. *See* Ver Mont, *Vermont Sheffield Wind Brouha PSB Prehearing Conference*, YouTube (Jan. 20, 2016), https://youtu.be/zvNOoOL71zs at 33:25-34:06. If that were to occur, Plaintiff may file a motion to lift the stay as soon as the PSB resolves all matters pertaining to his noise complaint even if its investigation remains otherwise ongoing. Plaintiff's Motion (Doc. 80) is DENIED.

Dated at Rutland, in the District of Vermont, this 29th day of February, 2016.

_____
Geoffrey W. Crawford, Judge
United States District Court